IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 C 2583 |
| | ) | |
| LORIE WESTERFIELD | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Lorie Westerfield's (Westerfield) motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Section 2255). For the reasons stated below, the Section 2255 motion is denied.

## BACKGROUND

On March 21, 2011, in case number 08 CR 466, a jury convicted Westerfield on Counts Two, Three, and Four of the indictment, which charged Westerfield with wire fraud. Westerfield subsequently filed a motion for judgment of acquittal and a motion for new trial, and the motions were denied on September 23, 2011. On February 28, 2012, Westerfield was sentenced to a total term of imprisonment of 72 months. Westerfield filed an appeal, and on April 9, 2013, the Seventh Circuit affirmed Westerfield's conviction and sentence. On April 9, 2014, Westerfield filed the instant Section 2255 motion.

1

## LEGAL STANDARD

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

## DISCUSSION

Westerfield argues in the instant Section 2255 motion: (1) that the Ex Post Facto clause was violated because she was sentenced according to the sentencing guidelines in effect at the time of her sentencing rather than those in effect at the time of her offense (Claim 1), (2) that she received ineffective assistance of counsel at sentencing due to alleged deficiencies in arguments relating to a minor role reduction (Claim 2), (3) that she received ineffective assistance of counsel at trial due to alleged deficiencies in arguments relating to the ostrich instruction provided to the jury (Claim 3), and (4) that she received ineffective assistance of counsel at sentencing due to alleged deficiencies in arguments relating to the sophisticated means enhancement (Claim 4).

I. Ex Post Facto Clause (Claim 1)

Westerfield contends that pursuant to *Peugh v. United States*, 133 S.Ct. 2072 (2013), the Ex Post Facto Clause was violated in her criminal case because she was sentenced according to the sentencing guidelines in effect in 2012 at the time of her sentencing instead of those in effect at the time of her offense in 2002. (DE 1: 4). Westerfield contends that under the 2012 sentencing guidelines, her total offense level was 27, and that under the 2002 sentencing guidelines her total offense level would have been 26. The court at Westerfield's sentencing applied the 2012 sentencing guidelines, according to the precedent binding at that juncture in *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006), in which the Seventh Circuit held that "applying the version of the guidelines in effect at the time of sentencing does not violate the *Ex Post Facto* Clause, even if that version took effect after the defendant committed the offense and even if the version increased the sentencing range." *United States v. Jones*, 763 F.3d 777, 814-15 (7th Cir. 2014). In 2013, the Supreme Court in *Peugh*, overruled *Demaree* and held "that the *Ex Post Facto* Clause is violated when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Jones*, 763 F.3d at 815 (internal quotation omitted)(quoting *Peugh*, 133 S.Ct. at 2078). However, *Peugh* was decided after Westerfield was sentenced in this case, and neither the Supreme Court nor the Seventh Circuit has indicated that *Peugh* has a retroactive effect. *See United States v. Vela*, 740 F.3d 1150, 1154 (7th Cir.

3

2014)(indicating that the Supreme Court did not intend *Peugh* to have a retroactive effect); *Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013)(noting that "the Supreme Court didn't say that the rule it was announcing was to have retroactive effect"); *see also United States v. Conrad*, 2014 WL 4783049, at *4 (N.D. Ill. 2014)(stating that "[t]he Seventh Circuit, nonetheless, has concluded that the rule announced in Peugh does not apply retroactively on collateral review"); *Cunningham v. United States*, 2014 WL 4699590, at *4 (N.D. Ill. 2014)(stating that "because Petitioner's conviction became final before Peugh was decided and Peugh does not apply retroactively"). Thus, Westerfield has not shown that the Ex Post Facto Clause was violated in her criminal case.

II. Ineffective Assistance of Counsel (Claims 2-4)

Westerfield also contends that she received ineffective assistance of counsel at trial and at sentencing. To show ineffective assistance of counsel, a petitioner must establish that: "(1) h[er] attorney's performance fell below an objective standard of reasonableness, and (2) [s]he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)); *see also Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014)(stating that "[t]o reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [a court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance")(quoting

4

*Yu Tian Li v. United States*, 648 F.3d 524, 527-28 (7th Cir. 2011)).

### A. Minor Role Reduction (Claim 2)

Westerfield argues that she received ineffective assistance of counsel at sentencing due to alleged deficiencies in arguments relating to a minor role reduction in calculating her total offense level. Westerfield contends that her counsel failed to show that she was "less culpable and non-essential compared to the average participant." (DE 1: 5). Westerfield's counsel provided extensive written and oral arguments as to why she should have received a two-level minor role reduction. The application notes to Section 3B1.2 states that a "minor participant is a defendant described in Application Note 3(A) who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. 3B1.2 cmt. n. 5. The mere fact that Westerfield's counsel was not successful with his arguments as to the minor role reduction does not mean that he failed to provide competent and effective representation for Westerfield. The record in this case shows that Westerfield was an integral player in the fraudulent scheme in this case. Without Westerfield's active role in facilitating the fraudulent transactions, the scheme could not have succeeded for as long as it did. Although a leader or organizer enhancement was not warranted for Westerfield, she was certainly not a minor participant in the scheme.

The court notes that Westerfield's counsel also presented minor role arguments to the court when presenting arguments relating to factors under 18 U.S.C. § 3553(a). Counsel explained, for example, in detail when addressing the Section

3553(a) factors how Westerfield was "significantly less culpable than" co-defendants. (08 CR 466: DE 394: 13-14). The court considered such arguments and facts when fashioning an appropriate sentence for Westerfield. Westerfield has failed to show that her counsel, in arguing the minor role issue, acted beyond the scope of reasonable professional assistance.

    B.  Ostrich Instruction (Claim 3)

As indicated above, Westerfield argues that she received ineffective assistance of counsel at trial due to alleged deficiencies in arguments relating to the ostrich instruction provided to the jury (Claim 3). The ostrich instruction "is appropriate when the defendant claims a lack of guilty knowledge, and the government has presented evidence sufficient for a jury to infer that the defendant deliberately avoided the truth." *United States v. Ramirez*, 574 F.3d 869, 877 (7th Cir. 2009). The ostrich instruction fit closely with the evidence presented in this case, the Government's theory in the case, and Westerfield's theory in the case. The purpose for giving "an ostrich instruction is to inform the jury that a person may not escape criminal liability by pleading ignorance if [s]he knows or strongly suspects [s]he is involved in criminal dealings but deliberately avoids learning more exact information about the nature or extent of those dealings." *United States v. Green*, 648 F.3d 569, 582 (7th Cir. 2011)(internal quotations omitted)(quoting *United States v. Carani*, 492 F.3d 867, 873 (7th Cir. 2007)). In the instant action, the Government presented evidence from which a reasonable jury could have inferred that

Westerfield strongly suspected she was involved in a criminal scheme, and inferred that Westerfield deliberately attempted to shield herself from criminal liability by avoiding knowledge as to the precise details of the scheme. For example, as the Seventh Circuit on appeal noted, "[t]he government . . . presented evidence that Westerfield would have realized that she was not engaged in normal real estate transactions based on the unusual nature of her clients." *United States v. Westerfield*, 714 F.3d 480, 485-86 (7th Cir. 2013). Yet, Westerfield made sure that she only met the fake buyers and sellers on limited occasions or drafted powers of attorney so that she did not have to meet them. *Id.* The Seventh Circuit also specifically addressed the ostrich instruction in regard to this court's ruling on post-trial motions and found that based on the evidence, "a reasonable jury could conclude that if Westerfield had been unaware that she was facilitating an illegal scheme, she only lacked such knowledge because she was deliberately ignorant." *Id.* at 486. The jury was thus properly instructed that Westerfield could be found guilty if there was a deliberate avoidance of knowledge. The instruction was entirely appropriate and Westerfield has failed to show that her counsel was in any way deficient in failing to succeed in barring the ostrich instruction.

### C. Sophisticated Means (Claim 4)

As indicated above, Westerfield argues that she received ineffective assistance of counsel at sentencing due to alleged deficiencies in arguments relating to the sophisticated means enhancement (Claim 4). Westerfield's counsel presented

7

extensive written and oral arguments as to the sophisticated means enhancement pursuant to Section 2B1.1 of the Sentencing Guidelines. The application notes to Section 2B1.1 define sophisticated means as "means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. 2B1.1 cmt. n. 9(B). Westerfield continues to argue that she did not know the full extent of the fraudulent scheme and did not realize the sophistication of the scheme. However, the Seventh Circuit has made clear that " a sophisticated means enhancement" is applicable "so long as the use of sophisticated means by other criminal associates was reasonably foreseeable to" the defendant. *Green*, 648 F.3d at 576. As the Seventh Circuit noted on appeal, while Westerfield may have deliberately made sure that she did not know for certain of illegal activities, she should have strongly suspected that she was part of a fraudulent scheme involving a series of buyers and sellers. *Westerfield*, 714 F.3d at 485-86. Westerfield should have foreseen that she was part of a large scheme involving complex transactions and should have foreseen that sophisticated means such as the use of false identities would be employed to further the scheme. The record clearly showed that Westerfield should have received the sophisticated means enhancement. Thus, Westerfield's counsel was not ineffective simply because he failed to have the enhancement stricken from the sentencing calculations. Based on the above, the Section 2255 motion is denied.

## CONCLUSION

Based on the foregoing analysis, the Section 2255 motion is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 12, 2014